IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARLENE DAVIS-HEEP, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: 09-cv-5619 |
| CITY OF PHILADELPHIA; SHELLEY R. SMITH and KATHLEEN TIA BURKE, | : | (Honorable Robert F. Kelly, J.) |
| Defendants. | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 20___, upon consideration of Defendants' Motion to Disqualify Brian Puricelli, Esquire as Counsel, and any response thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**, and that Brian Puricelli, Esquire, is disqualified from acting as counsel for the Plaintiff in this matter.

**FURTHER ORDERED** that Mr. Puricelli shall withdraw as counsel in this matter and that this case shall be stayed for a period of sixty (60) days to allow Plaintiff the opportunity to find new counsel. Mr. Puricelli shall not be permitted to participate in any trial proceedings and shall not be permitted to sit at counsel table during the trial of this matter or to otherwise direct Plaintiff's counsel in the presence of the jury.

BY THE COURT:

_____
Hon. Robert F. Kelly, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE DAVIS-HEEP, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: 09-cv-5619 |
| CITY OF PHILADELPHIA; SHELLEY R. SMITH and KATHLEEN TIA BURKE, | : (Honorable Robert F. Kelly, J.) |
| Defendants. | : |

**MOTION TO DISQUALIFY BRIAN PURICELLI, ESQUIRE AS COUNSEL**

Defendants, the City of Philadelphia, Shelley R. Smith, and Kathleen Tia Burke, move this Court for an Order disqualifying Brian Puricelli, Esquire from acting as counsel for the Plaintiff in this matter, pursuant to Pennsylvania Rule of Professional Conduct 3.7, and this Court's inherent authority to supervise the professional conduct of attorneys appearing before it. In support thereof, Defendants incorporate the accompanying Memorandum of Law with exhibits by reference.  Defendants hereby request oral argument in connection with their Motion to Disqualify.

Respectfully submitted,

 /s/ Michelle K. Carson
Danielle Banks
Michelle K. Carson
Caitlin E. Oberst
STRADLEY RONON STEVENS & YOUNG LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000

Counsel for Defendants, City of Philadelphia, Shelley R. Smith and Kathleen Tia Burke

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE DAVIS-HEEP,<br><br>   Plaintiff,<br><br>       v.<br><br>CITY OF PHILADELPHIA; SHELLEY R. SMITH and KATHLEEN TIA BURKE,<br><br>   Defendants. | :<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO.: 09-cv-5619<br>:<br>:   (Honorable Robert F. Kelly, J.)<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISQUALIFY BRIAN PURICELLI, ESQUIRE AS COUNSEL**

Defendants, City of Philadelphia ("City"), Shelley R. Smith ("Smith"), and Kathleen Tia Burke ("Burke"), submit this Memorandum of Law in support of their Motion to Disqualify Brian Puricelli, Esquire ("Puricelli") as counsel for Plaintiff, Darlene Davis-Heep ("Plaintiff"). This Motion is based upon Pennsylvania Rule of Professional Conduct 3.7 and case law interpreting that rule, which provides that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except under certain limited circumstances not presented herein.

**I.      INTRODUCTION**

Both the Pennsylvania Rules of Professional Conduct and the case law of this Commonwealth prohibit an attorney from acting as both advocate and witness in the same case. Here, Puricelli has positioned himself to do just that and his actions should not be countenanced by this Court. In particular, it appears that Plaintiff, while she was serving as counsel for the City, divulged sensitive and personal information to Puricelli while he was pursuing litigation

against the City. Puricelli then published this information, to which he would not otherwise have had access, to the City's outside counsel and then proceeded to confront and attempt to embarrass Smith with this information. These improper acts by Plaintiff ultimately resulted in her termination by the City, not for any discriminatory purpose, but because she inappropriately disclosed client-privileged confidential and personal matters to Puricelli.[1]

Prior to Plaintiff's termination from the City, Puricelli was pursuing an unrelated matter against the City on behalf of his clients, Raymond Carnation and William McKenna. In or around November of 2008, before Plaintiff was terminated by the City and while she was still serving as counsel for the City, she apparently confided certain personal and confidential City information to Puricelli in an obvious effort to embarrass the City, Smith and/or Burke. Incredulously, Puricelli then contacted the City's outside counsel to discuss these confidential and personal matters and then later contacted Smith herself to further discuss these matters. These disclosures and subsequent actions taken by Puricelli played an integral part in the decision to terminate Plaintiff in December of 2008. These actions by Plaintiff and Puricelli will be critical to the establishment of the primary defense of this lawsuit – that Plaintiff was terminated on the basis of workplace misconduct, not any form of discrimination. Because of Puricelli's involvement in first receiving and then divulging this confidential and personal information to outside counsel for the City and then to Smith, he will be a critical and necessary witness in this case. As a necessary witness in this matter, Puricelli must be prohibited from acting as counsel for the Plaintiff pursuant to Pennsylvania Rule of Professional Conduct 3.7.

---

[1] This begs the question of how inappropriate it is for an employee, who is also an attorney, to divulge private personal information, gained in the course and scope of her employment, to a non-employee who is pursuing an action against the employer. See Pennsylvania Rule of Professional Conduct 1.13.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a former Senior Attorney for the City of Philadelphia Law Department.[2]  See Plaintiff's Complaint, ¶ 6, attached hereto as Exhibit "A."  According to the Complaint, Burke was hired as an attorney in the Law Department on or about March 6, 2008.[3]  See Exhibit "A," ¶ 8.  Plaintiff asserts that Burke was having an affair with Plaintiff's then husband, Jeremy Heep.  See Exhibit "A," ¶ 9.  Given this personal matter between Plaintiff and Burke, Smith met with Plaintiff on March 6, 2008 to discuss her plans to hire Burke and to caution Plaintiff that she should not allow any personal issues to spill into the work environment.  See March 6, 2008 Talking Points attached hereto as Exhibit "B."

On or about February 27, 2008, Plaintiff, acting *pro se*,[4] commenced a defamation suit against Burke in the Court of Common Pleas of Philadelphia County (the "Heep-Burke Lawsuit").  See Pleadings from the Heep-Burke Lawsuit, attached collectively as Exhibit "C."  In the Heep-Burke Lawsuit, Plaintiff alleged that Burke made false statements about the Plaintiff to employees of the City.  See Exhibit "A," ¶ 10.  According to the Complaint, the Heep-Burke Lawsuit was settled in September of 2008 in exchange for a letter from Burke to the City Solicitor, Defendant Smith, the terms of which were to remain strictly confidential.  See Exhibit "A," ¶ 11.

Beginning in November 1998 and throughout the time frame at issue, Puricelli was pursuing an unrelated lawsuit against the City of Philadelphia on behalf of his clients, Ray

---

[2]   Plaintiff was in-house counsel for the City.  The City was therefore Plaintiff's client.

[3]   Burke actually began working for the City on April 2, 2008.

[4]   There is no evidence that Plaintiff was represented by Puricelli in the Heep-Burke Lawsuit.  In fact, the docket as well as the various pleadings reveal that Plaintiff was acting *pro se*.

Carnation and William McKenna[5] (the "Carnation Matter"). In other words, Puricelli was in a position adverse to the City during the time frame when the City was Plaintiff's client. On November 15, 2008, Puricelli contacted outside counsel for the City of Philadelphia, George A. Voegele, Jr., Esquire ("Voegele"). In addition to requesting various documents in connection with the Carnation Matter, Puricelli also requested the following from Voegele related to the Heep-Burke Lawsuit and Burke's maternity leave:

> Also it is my understanding Mr. [sic] Tia Burke has written a letter, which was turned it [sic] over to Shelley Smith and published, and in the letter Ms. Burke ad mitted [sic] she lied. The lie was the reason Tia Burke was sued for defamation in the Court of Common Please [sic] this year. Please send me the letter. Also, I understand the City has made a special arrangement for Ms. Burke to work from home after delivering [her baby]; is this correct?

See November 15, 2008 e-mail chain attached hereto as Exhibit "D." Smith responded to this e-mail stating that she was not aware of any communication from Burke in which she "admitted she lied" and then properly and understandably refused to discuss the very personal details surrounding Burke's maternity leave. See Exhibit "D." Puricelli was specifically asked by Smith during two separate e-mail transmissions for any factual support for the assertion that Burke "admitted she lied." Id. Puricelli provided no factual support for his assertion.

Following Plaintiff's disclosure of personal and confidential information to Puricelli, as well as Puricelli's subsequent confrontational e-mail to Smith regarding the Heep-Burke Lawsuit and Burke's maternity leave, a meeting was held during which Plaintiff was advised that her last day of work would be December 4, 2008. See December 4, 2008 Talking Points attached hereto

---

[5]  The McKenna v. City of Philadelphia matter is pending in the United States District Court for the Eastern District of Pennsylvania, Docket No. 98-CV-5835. The McKenna matter was consolidated with the Carnation v. City of Philadelphia matter, also pending in the United States District Court for the Eastern District of Pennsylvania, Docket No. 99-CV-1163 (lead case).

as Exhibit "E." Specifically, the talking points delivered by Smith stated, *inter alia*, the following:

> On November 17, 2008, this office received from the City's outside counsel [Voegele] an email message from a plaintiff's attorney in an unrelated City lawsuit, asking whether Tia had fulfilled her obligation to communicate information to me under the terms of that settlement agreement, and inquiring about the terms of Tia's maternity leave in relation to certain office policies. These are matters about which the plaintiff's attorney could not have been independently aware. In addition, they are personnel matters involving law department staff that a plaintiff's attorney would have no legitimate reason to raise with the City's outside counsel with whom he was dealing on a totally unrelated legal matter. The fact that he did so suggested an intent to attempt to embarrass the department with this information.

Id. Plaintiff was terminated effective January 15, 2009. Id.

Plaintiff commenced this action by filing a Complaint on November 25, 2009. Defendant filed Motions to Dismiss which ultimately resulted in two Court Orders striking several of Plaintiff's claims and delineating the following remaining claims: (1) a Petition Clause claim against each of the Defendants arising out of the filing of the Heep-Burke Lawsuit; (2) a § 1983 Monell claim against the City of Philadelphia; and (3) a Section 1983 race discrimination claim against each of the Defendants. Puricelli will be a critical witness in the defense of each of these claims insofar as he will be called to testify as to the details relating to this disclosure, including the source of his knowledge regarding the Heep-Burke Lawsuit and the maternity leave policy as applied to Burke. Obviously, to the extent it was Plaintiff who supplied him with this information, this will establish that Plaintiff was terminated for a non-discriminatory purpose and not because of her race or because she had previously filed a lawsuit against Burke.

To date, the parties have exchanged paper discovery and no depositions have been conducted. Although Plaintiff has served Responses to Interrogatories, Requests for Admissions

and a Request for Production of Documents, Plaintiff has yet to produce a single document in discovery.[6] The absence of any documentary evidence further highlights the need for Puricelli's testimony as a witness as there is no other source for the information sought.[7] Simply put, Puricelli has caused himself to be a necessary witness at the trial of this matter and is therefore prohibited from acting as counsel for the Plaintiff pursuant to Pennsylvania Rule of Professional Conduct 3.7.

## II. ARGUMENT

### A. Puricelli Must Be Disqualified As Counsel For Plaintiff.

Federal courts have the inherent power to supervise the conduct of attorneys practicing before them. Henry v. Delaware River Joint Toll Bridge Comm'n, No. 00-6415, 2001 WL 1003224, at *1 (E.D. Pa. Aug. 24, 2001); In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 160 (3d Cir. 1984). Under this power, a court may disqualify counsel if the court determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule, given the ends that the disciplinary rule is designed to serve. United States v. Miller, 624 F.2d 1198, 2101 (3d Cir. 1980).

The party seeking disqualification bears the burden of showing that the representation is impermissible. In re Rite Aid Corp. Sec. Litig., 139 F. Supp. 2d 649, 656 (E.D. Pa. 2001). However, any doubts regarding the existence of a violation of an ethical rule should be construed in favor of disqualification. In re Rite Aid Corp., 139 F. Supp. 2d at 656; Int'l Bus. Mach. Corp. v. Levin, 579 F.2d 271, 283 (3d Cir. 1978).

---

[6] Defendants' Motion to Strike Plaintiff's Objections and to Compel Specific Responses to Discovery is currently pending before the Court.

[7] Separate and apart from Puricelli's testimony will be the testimony of Plaintiff herself. Defendants, however, are entitled to test the veracity of Plaintiff's testimony by taking testimony from other witnesses to her conduct, including Puricelli.

In this case, Pennsylvania Rule of Professional Conduct 3.7(a) provides the basis for a motion to disqualify Mr. Puricelli as counsel for the Plaintiff in this matter. This rule states:

> (a) A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

Pa. R.P.C. 3.7(a)(1)-(3). A witness is deemed "necessary" when he has "crucial information" in his possession, which must be divulged. AAMCO Transmissions, Inc. v. Baker, No. 06-05252, 2008 WL 5272781, at *2 (E.D. Pa. Dec. 18, 2008). The term "necessary" means no other witness could testify. Id. As the explanatory comment, note 2, of Rule 3.7 states, "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others."

Puricelli is a necessary witness in the present case. He has necessary information regarding Plaintiff's breach of her relationship to her then client and employer, the City, by divulging information regarding Burke's maternity leave, the Heep-Burke Lawsuit, and the terms of its confidential settlement to Puricelli. As his e-mails bear out, Puricelli also used information he received from Plaintiff to demand information from Smith regarding the terms of the Heep-Burke Settlement Agreement. Puricelli's testimony will go to the heart of this case and the primary defense of Defendants. His testimony is necessary to establish that Plaintiff committed inappropriate acts which ultimately warranted her dismissal on non-discriminatory grounds.

Courts in the Third Circuit have granted motions to disqualify counsel from acting as advocates at trial where it has been demonstrated that the lawyers are likely to be necessary

witnesses. See, e.g., Rohm and Haas Co. v. Lonza, Inc., No. Civ. A. 96-5732, 1999 WL 718114, at *1 (E.D. Pa. Sept. 7, 1999) (granting motion to disqualify in patent infringement action where counsel was likely to be called to testify on defense of claim to willful misconduct); Morgan v. Rossi, No. Civ. A. 96-1536, 1998 WL 175604, at *12-14 (E.D. Pa. Apr. 15, 1998) (granting motion to disqualify where counsel participated in discussions with defendant about his decision to terminate plaintiffs prior to the plaintiffs' termination); Stolp v. Sollas Corp., No. 96-0723, 1997 WL 83750, at *10-11 (E.D. Pa. Feb. 21, 1997) (granting motion to disqualify where counsel was present at a meeting that ultimately led to the termination of plaintiff's employment); Teleprompter of Erie, Inc. v. City of Erie, No. 81-17 ERIE, 573 F. Supp. 963, 966 (W.D. Pa. Oct. 25, 1983) (granting motion to disqualify where counsel's partner was former city solicitor who was responsible for conduct and negotiations that led to instant lawsuit).

In this case, the procedural posture is such that the disqualification of Puricelli will not work a hardship on Plaintiff. To date, the parties have only exchanged paper discovery and no depositions have been conducted. The discovery deadline has not expired and, in any event, Defendants have sought an extension of all deadlines to permit Plaintiff ample time to find new counsel without suffering any disadvantage in this litigation. See, e.g., Morgan, 1998 WL 175604, at *14 (litigant does not incur substantial hardship as a result of her counsel's disqualification when she is provided with ample time to secure replacement counsel); Teleprompter of Erie, Inc., 573 F. Supp. at 966-67 (same).

**B.    Puricelli Should Be Ordered To Withdraw As Counsel.**

Pennsylvania Rule of Civil Procedure 3.7(a), which provides the basis for the instant Motion, specifically bars disqualified counsel from being an "advocate at trial." Pa. R.P.C. 3.7(a); Premium Payment Plan v. Shannon Cab Co., 268 F.R.D. 203 (E.D. Pa. 2010). In

addressing the appropriate relief in connection with a successful motion to disqualify, several courts in the Third Circuit have banned counsel from participating at trial, including sitting at counsel table. See, e.g., Rohm & Haas Co. v. Lonza, supra at *1 (Court granted Plaintiff's motion to disqualify counsel for defendants "from acting as advocates at trial, including sitting at counsel table or consulting with defendants' trial counsel in the presence of the jury"); Teleprompter of Erie, Inc., supra at 966 (Court disqualified local counsel, ordering them to withdraw, and requiring them to facilitate the retention of substitute counsel).

If Puricelli were permitted to act as both advocate and witness "it is likely a jury would not be able to separate statements he would offer as evidence from statements analyzing this evidence." See, e.g., International Electronics Corp. v. Flanzer, 527 F.2d 1288, 1294 (2d Cir. 1975). Another reason for disqualifying Puricelli as trial advocate is the prejudice that may result to defense counsel if Puricelli enhances his credibility before the jury as an advocate by virtue of having taken an oath as a witness. See, e.g., Teleprompter of Erie, Inc., supra at 964. Finally, it will be unfair and difficult for Defendants to cross-examine a witness who is also an adversary counsel concerning fact matters impeaching his credibility. For these reasons and for those stated above, Puricelli must be disqualified as counsel and should not be permitted to serve as an advocate at trial or to remain at counsel table during trial.

## IV. CONCLUSION

For any or all of the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Disqualify Brian Puricelli, Esquire, and enter an Order in the form attached hereto.

                                        Respectfully submitted,

                                        */s/ Michelle K. Carson*
                                        Danielle Banks
                                        Michelle K. Carson
                                        Caitlin E. Oberst
                                        STRADLEY RONON STEVENS & YOUNG LLP
                                        2600 One Commerce Square
                                        Philadelphia, PA 19103-7098
                                        (215) 564-8000

                                        Counsel for Defendants, City of Philadelphia,
                                        Shelley R. Smith and Kathleen Burke

Dated: December 22, 2010

## CERTIFICATE OF SERVICE

I, Michelle K. Carson, hereby certify that on this 22nd day of December, 2010, I caused a true and correct copy of Defendants' Motion to Disqualify Brian Puricelli, Esquire, and Memorandum of Law in support thereof, to be filed via the Court's ECF system which constitutes service upon the following:

Brian M. Puricelli, Esquire
691 Washington Crossing Road
Newtown, PA  18940
puricellib@comcast.net

Dated: December 22, 2010                    */s/ Michelle K. Carson*
                                            Michelle K. Carson